# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIRVONTAE RENEE STEVENSON,<br>              Petitioner,<br>    v.<br>DAVID BAUGHMAN,<br>              Respondent. | Case No. LA CV 13-0643 ODW (JCG)<br><br>**ORDER ACCEPTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed: (1) the Motion to Stay the action ("Motion to Stay"), [Dkt. No. 74], corresponding opposition, and reply, [Dkt. Nos. 79-80]; (2) the Motion for Leave to Amend Habeas Petition ("Motion to Amend"), proposed Second Amended Petition, [Dkt. Nos. 88-89], corresponding opposition, and reply, [Dkt. Nos. 98, 103]; (3) the Magistrate Judge's Report and Recommendation ("R&R"), [Dkt. No. 109]; (4) Petitioner's Objections to the R&R ("Objections"), [Dkt. No. 110]; (5) Respondent's Response to the Objections, [Dkt. No. 112]; and (6) the remaining record, and has made a *de novo* determination.

Petitioner's case has endured a tortured procedural history, summarized in detail in the R&R. [Dkt. No. 109 at 1-5.] As relevant here, the proceedings have culminated in the Magistrate Judge's recommendation, *inter alia*, to deny Petitioner's request for a

stay under *Rhines v. Weber*, 544 U.S. 269 (2005), but grant a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). [Dkt. No. 109 at 6-11.]

Petitioner's Objections generally reiterate arguments made in the motions and corresponding replies to oppositions, and lack merit for the reasons set forth in the R&R. There is one issue, however, that warrants brief discussion.

In the Objections, Petitioner contends he is entitled to a *Rhines* stay under the Ninth Circuit's recent decision in *Dixon v. Baker*, 847 F.3d 714 (9th Cir. 2017).[1] Specifically, Petitioner contends he is entitled to the stay because he lacked the assistance of counsel during initial state habeas proceedings. [Dkt. No. 110 at 1-3 (quoting *Dixon*, 847 F.3d at 722 ("We recognize, of course, that many state post-conviction proceedings are conducted pro se. For this group of federal habeas petitioners, the first element of the *Rhines* test can easily be established to the extent that they were without counsel.").]

In the Response to the Objections, Respondent acknowledges that the Court is bound by this Ninth Circuit precedent. [Dkt. No. 116 at 5.] Respondent nonetheless contends that *Dixon* does not compel a *Rhines* stay because, even if good cause is shown, a stay may still appropriately be denied because petitioner's claims are plainly meritless. [*Id.* at 6-9.]

As noted in the R&R's reasoning for granting a stay under *Kelly*, Petitioner has alleged detailed factual and legal mental health claims that are intertwined with his claim that the federal statute of limitations period should be equitably tolled based on his mental impairments. [Dkt. No. 109 at 9.] The R&R also noted that Petitioner's retained experts are still conducting assessments of Petitioner's mental health, which counsel for Petitioner has confirmed in the May 1, 2017 status report. [*Id.* at 9 n.5;

---

[1] *Dixon* was decided a few days before the R&R was filed. [*See* Dkt. No. 109.]

Dkt. No. 118.] Further, Petitioner's first round of counseled state habeas claims has not yet been presented to the state courts.[2]

Accordingly, given that Petitioner's mental health claims are still evolving, it is difficult — if not impossible — for the Court to decide whether a *Rhines* stay should be granted. Indeed, as *Dixon* recognized, "good cause" is only the "first element of the *Rhines* test." *See Dixon*, 847 F.3d at 722. Petitioner must still establish "claim plausibility," *i.e.* that his unexhausted claims are not "plainly meritless" in order to obtain a stay under *Rhines*. *See Dixon*, 847 F.3d at 722. Because Petitioner's claims have not been finalized, even before the state courts, this Court cannot determine their merits at this juncture.[3] *See Rhines*, 544 U.S. at 278 ("[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner['s] . . . unexhausted claims are potentially meritorious"); *Estrada v. Strainer*, 2015 WL 1916549, at *9 (E.D. Cal. Apr. 27, 2015) (noting that, under certain circumstances and at an early stage of proceedings, it would be premature to find a claim plainly meritless under *Rhines*); *Seriales v. Harrington*, 2009 WL 2601252, at *2 (E.D. Cal. Aug. 21, 2009) (denying *Rhines* stay without prejudice because court could not determine "at this juncture" whether proposed claims were plainly meritless).

Based on the foregoing, due to the recent change in the law and the Court's inability, at this time, to decide the plausibility of Petitioner's proposed claims while they are being forged, the Court declines to accept the R&R to the extent it denied a *Rhines* stay based solely on the lack of a showing of good cause. Rather, the Court denies the request *without prejudice* to refiling an amended motion for stay after

---

[2] In earlier filings, counsel appeared to indicate that Petitioner's state habeas proceedings were already pending before the state superior court, as noted in the R&R. [Dkt. No. 109 at 5 (citing Dkt. No. 74 at 24-25).] Petitioner has clarified that state habeas proceedings are forthcoming. [Dkt. No. 111.]

[3] The Court notes that Respondent has reserved his decision to waive the statute of limitations defense, which also involves an analysis of Petitioner's intertwined mental health claims, for the same reason. [Dkt. No. 116 at 3 n.2 (stating that Respondent will be in a "better position" to make the waiver determination once a state habeas petition is filed).]

finalization of the claims, exhaustion in the state courts, and refiling of a proposed amended petition[4] in this Court. *See Seriales*, 2009 WL 2601252 at *2; *Lobretto v. Sisto*, 2008 WL 345907, at *2 (E.D. Cal. Feb. 6, 2008) (allowing petitioner to file a later, amended *Rhines* stay request because the court could not determine whether claims were "plainly meritless"). If any such *Rhines* stay is sought, the Court will consider it *nunc pro tunc*. *Cf. Kelly*, 315 F.3d at 1071 (stay may be vacated *nunc pro tunc* as of the date the district court enters it); *see Watson v. Cate*, 2011 WL 6202788, at *8 (S.D. Cal. Dec. 6, 2011) (noting grant of stay *nunc pro tunc* to earlier date), *aff'd*, 526 F. App'x 779 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1549 (2014).

In the meantime, the Court accepts the recommendation to grant a stay under *Kelly*.[5] [Dkt. No. 109 at 8-11.]

Petitioner has not shown in his Objections that the other aspects of the R&R warrant discussion.

//

//

//

//

//

---

[4] The Court reiterates the R&R's warning that Petitioner's eventual amended petition should be filed only after a careful and focused consideration of any new claims. [Dkt. No. 109 at 10 n.6.]

[5] The Court notes that, at this time, Petitioner suffers no prejudice by this resolution of his Motion to Stay. As explained in the R&R, Petitioner has already deleted his unexhausted claims. [Dkt. No. 109 at 10 n.6.]

Accordingly, IT IS ORDERED THAT:

1. The R&R is approved and accepted, except as to the discussion denying a *Rhines* stay for lack of a showing of good cause;

2. Petitioner's request for a *Rhines* stay is denied without prejudice, [Dkt. No. 74];

3. Petitioner's request for a *Kelly* stay is granted, [Dkt. No. 74];

4. Counsel for Petitioner shall continue to file status reports with this Court on the first day of every other month, as directed by the R&R, [Dkt. No. 109 at 11];

5. Counsel for Petitioner shall to move to amend the Petition within 20 days of exhausting state court remedies;

6. Petitioner's Motion to Amend is denied as premature, [Dkt. Nos. 88-89];

7. Petitioner's unopposed *ex parte* applications to file documents under seal are granted, [Dkt. Nos. 82-83, 90, 104-105]; and

8. The Clerk serve copies of this Order on the parties.

DATED: 5-12-17

HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE